IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| PDVSA V.I., INC., | ) |
| Petitioner, | ) |
| - v - | ) Civ. No. 2015-__51__ |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, | ) |
| Respondent. | ) |

**PETITION CHALLENGING NOTICE OF TAX DEFICIENCY**

PDVSA V.I., Inc. ("PDVSA VI" or, "Petitioner"), hereby petitions for a redetermination of the deficiency in income tax for the taxable year ended December 31, 2009 (the "2009 Tax Year"), set forth by the Director of the Virgin Islands Bureau of Internal Revenue ("Respondent") in Respondent's Notice of Deficiency dated March 30, 2015 (the "Notice of Deficiency"). As the basis for this case, Petitioner alleges as follows:

1.   Jurisdiction.  This Court has subject matter jurisdiction pursuant to 48 U.S.C. § 1612(a), as this is a civil proceeding with respect to the income tax law of the Virgin Islands of the United States.  This action is for the redetermination of income tax under Rule 71A.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands.

2.   Petitioner.  Petitioner, a corporation formed under the laws of the U.S. Virgin Islands, is in the oil and natural gas business and is a wholly-owned subsidiary of Petróleos de Venezuela, S.A. ("PDVSA").  Petitioner's principal place of business is in the United States

Virgin Islands and its mailing address for correspondence with the Bureau of Internal Revenue (the "BIR") is PDVSA VI c/o George H. T. Dudley, P.O. Box 756, St. Thomas, VI, 00804. Petitioner is a fifty percent partner in HOVENSA, LLC ("HOVENSA"), a joint venture between Petitioner and Hess Oil Virgin Islands Corporation ("HOVIC"), established in 1998 to own and operate a refinery in St. Croix, U.S. Virgin Islands.  HOVENSA is a limited liability company formed under the laws of the U.S. Virgin Islands and is classified as a partnership for income tax purposes under section 7701 of the Internal Revenue Code of 1986, as amended (the "Code"). On September 14, 2010, Petitioner timely filed its corporate income tax return, Form 1120, for the 2009 Tax Year with the Office of the BIR at St. Thomas, U.S. Virgin Islands by hand delivery.

       3.      <u>Notice of Deficiency and Procedural Background</u>.

       (a)      The Notice of Deficiency upon which this Petition is based is dated March 30, 2015.  A copy of the Notice of Deficiency with accompanying explanations and schedules is attached hereto and labeled as "Exhibit A."

       (b)      The BIR issued a Final Partnership Administrative Adjustment, dated March 30, 2015, to HOVENSA for the 2009 Tax Year (the "FPAA").  A copy of the FPAA is attached hereto and labeled as "Exhibit B."

       (c)      HOVENSA filed a petition for readjustment of partnership items under section 6226 of the Code.  See *HOVENSA, LLC. v. Director, Virgin Islands Bureau of Internal Revenue,* Case No. 2015-49 (the "HOVENSA Petition").  The HOVENSA Petition is incorporated by reference herein in its entirety and is attached hereto and labeled as "Exhibit C."

4. <u>Amounts in Dispute</u>.

(a) In the Notice of Deficiency, Respondent asserts a deficiency in Petitioner's income tax liability for the 2009 Tax Year of $183,904,258, comprised of the following:

| Label in Notice of Deficiency | 2009 |
| --- | --- |
| Corrected Tax | $167,185,689 |
| Tax Surcharge | $16,718,569 |
| Corrected Tax Liability | $183,904,258 |

(b) Additionally, Respondent determined additions to tax for (1) a substantial understatement of tax pursuant to section 6662 of the Code in the amount of $36,780,852 and (2) an accumulated earnings tax pursuant to section 531 of the Code in the amount of $46,573,156. All of the additions to tax are in dispute.

(c) The Court's determinations with respect to the assignments of error alleged in Paragraph 5, *infra*, will require redetermination of various correlative and computational adjustments made in the Notice of Deficiency in accordance with Tax Court Rule 155.

5. <u>Assignments of Error</u>. Respondent's determinations of taxes and additions to tax for the 2009 Tax Year, as set forth in the Notice of Deficiency and the FPAA are based upon the following errors:

(a) <u>HOVENSA Errors</u>: Petitioner incorporates the errors asserted in the HOVENSA Petition by reference in their entirety.

(b)  <u>HOVENSA Net Rental Income Error</u>:  Respondent erred by recapturing and allowing as income $218,125 of other net rental income.

(c)  <u>Petitioner Administrative Charges Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 162 of the Code for administrative expenses in the amount of $44,870 for the 2009 Tax Year.

(d)  <u>Petitioner Legal and Professional Expenses Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 162 of the Code for legal and professional expenses in the amount of $15,969 for the 2009 Tax Year.

(e)  <u>Petitioner Tax Surcharge Error</u>:  Respondent erred in asserting what it characterizes as a "tax surcharge" in the amount of $16,718,569 in determining the deficiency amount for the 2009 Tax Year.  Respondent has not cited any statutory basis for this surcharge or provided any explanation for this adjustment.

(f)  <u>Petitioner Accumulated Earnings Tax Error</u>:  Respondent erred in imposing an accumulated earnings tax in the amount of $46,573,156 pursuant to section 531 of the Code.

(g)  <u>Petitioner Penalty Errors</u>:  In connection with the errors described in Paragraphs 5(a)-(e), Respondent erred by asserting substantial understatement of tax penalties totaling $36,780,852 pursuant to section 6662 of the Code.

6.  <u>Supporting Facts</u>.  The facts upon which Petitioner relies as the basis for its case are as follows:

**<u>HOVENSA</u>**

(a)  Petitioner incorporates the supporting facts set forth in the HOVENSA Petition by reference in their entirety.

### Petitioner's 2009 Tax Year

(b)     Petitioner timely filed its 2009 Form 1120 income tax return with Respondent, reporting Taxable Income on line 30 of ($201,650,233).

(c)     Petitioner received a 2009 Schedule K-1 from HOVENSA reflecting Petitioner's share of an ordinary business loss in the amount of ($201,800,644) and Petitioner's share of other net rental income in the amount of $218,125 for a net loss of ($201,582,519).

### HOVENSA Net Rental Income Error

(d)     Respondent has not provided any factual support for or explanation of the adjustment it characterizes as "Other net rental income of $218,125 on the Schedule K-1 from Hovensa LLC [that] was recaptured and allowed as income under other income for the 2009 tax year as per IRC §§ 701 & 702."

### Petitioner Administrative Charges

(e)     Petitioner incurred administrative expenses in the amount of $44,870 for the 2009 Tax Year.

(f)     Petitioner properly reported these administrative expenses on its 2009 Form 1120, and properly claimed a deduction under section 162 of the Code.

(g)     Petitioner's books and records substantiate all $44,870 of administrative expenses claimed for the 2009 Tax Year.

### Petitioner Legal and Professional Expenses

(h)     Petitioner incurred legal and professional expenses in the amount of $55,536 for the 2009 Tax Year.

(i) Petitioner properly reported these legal and professional expenses on its 2009 Form 1120, and properly claimed a deduction under section 162 of the Code.

(j) Petitioner's books and records substantiate all $55,536 of legal and professional expenses claimed for the 2009 Tax Year including the $15,969 of expenses disallowed by Respondent.

**Assertion of Tax Surcharge**

(k) Petitioner has no income tax liability for the 2009 Tax Year on which any "tax surcharge," including any U.S. Virgin Islands tax surcharge, is properly applicable.

(l) Respondent has not identified the nature of the tax surcharge it is asserting, provided any legal or factual support for the tax surcharge, or explained how it determined the amount of the tax surcharge.

**Assertion of Accumulated Earnings Tax**

(m) Petitioner was not a corporation formed or availed of to avoid or prevent the imposition of tax on its shareholders or the shareholders of any other corporation.

(n) Petitioner did not have accumulated taxable income on which to impose the accumulated earnings tax in 2009.

(o) After declaring and paying a substantial dividend in 2008 and incurring substantial losses in 2009, Petitioner did not have additional liquid assets with which to make any further dividend payments in 2009, so no basis for any imposition of the accumulated earnings tax on Petitioner exists in law or in fact.

(p) On April 6, 2015, Petitioner timely submitted a statement to Respondent pursuant to section 534(c) of the Code and the Treasury Regulation promulgated

thereunder (the "Section 534(c) Statement") explaining that Petitioner had not accumulated earnings and profits beyond the reasonable needs of its business.

(q)     Respondent has the burden of proof to establish that the accumulated earnings tax was properly imposed.  Respondent has not provided any legal or factual support for the imposition of the accumulated earnings tax.

**Assertion of Penalties**

(r)     To the best of Petitioner's knowledge:  (1) HOVENSA properly reported all items of income, loss, deduction, and credit on its 2009 Form 1065; (2) substantial authority supported HOVENSA's income tax reporting for the 2009 Tax Year; (3) HOVENSA made reasonable, good faith efforts to determine its correct income tax reporting for the 2009 Tax Year; and (4) HOVENSA had a reasonable basis for its income tax reporting position for the 2009 Tax Year.

(s)     Petitioner properly reported the income and losses resulting from its distributive share of ordinary business loss from HOVENSA, on its Form 1120 filed for the 2009 Tax Year.

(t)     Petitioner had reasonable cause for its income tax reporting positions on its Form 1120 for the 2009 Tax Year and acted in good faith.

(u)     Petitioner properly reported all other income, expenses, and deductions on its Form 1120 filed for the 2009 Tax Year.

(v)     Substantial authority supported Petitioner's income tax reporting for the 2009 Tax Year.

(w)     Petitioner made reasonable, good faith efforts to determine its correct income tax liability for the 2009 Tax Year.

    (x) Petitioner had a reasonable basis for its income tax reporting position for the 2009 Tax Year.

    (y) Petitioner had reasonable cause for its income tax reporting positions on its Form 1120 for the 2009 Tax Year and acted in good faith.

**WHEREFORE**, Petitioner prays that the Court:

  1) To the extent the Court grants the relief requested in the HOVENSA Petition, determine that there is no deficiency in income tax attributable to partnership items of HOVENSA;

  2) Determine that there is no deficiency in income tax due from Petitioner for the 2009 Tax Year;

  3) Determine that none of the additions to tax asserted in the Notice of Deficiency are due from Petitioner for the 2009 Tax Year;

  4) Determine that no "surcharge" is due from Petitioner for the 2009 Tax Year;

  5) Determine that Petitioner properly reported a loss of $201,650,233 for the 2009 Tax Year; and

  6) Grant to Petitioner such other and further relief as the Court, in its discretion, deems just and proper.

        DUDLEY, TOPPER and FEUERZEIG, LLP

        /s/ Chad C. Messier

Dated: June 25, 2015    _____
        Chad C. Messier (V.I. Bar No. 497)
        Law House, 1000 Frederiksberg Gade
        P.O. Box 756, Charlotte Amalie
        St. Thomas, VI 00804
        Telephone: (340) 774-4422
        Facsimile: (340) 715-4400
        Email: CMessier@dtflaw.com